**FILED**
AUG 06 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company, | )<br>)<br>) | NO. **08 C 50 1 65** |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| vs. | ) | |
| | ) | KAPALA |
| C.H. ROBINSON COMPANY, a Minnesota corporation, | )<br>) | |
| Defendant. | ) | |

Defendant, C.H. ROBINSON COMPANY, a Minnesota corporation (hereinafter referred to as "C.H. ROBINSON"), by its attorneys, John J. Holevas, Esq. and Marc C. Gravino, Esq. of WILLIAMSMCCARTHY LLP, hereby files its Notice of Removal in the above-entitled civil action to the United States District Court for the Northern District of Illinois, Western Division, pursuant to the provisions of 28 U.S.C., §1332(a) and 28 U.S.C., §1441, *et seq.* on the basis of the following facts that show the case to be properly removable:

1. That on or about June 27, 2008, the plaintiffs ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company, (hereinafter referred to as "Plaintiffs") commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Winnebago County, Illinois, under Cause No. 2008-L-242. A copy of said Summons and Complaint with exhibits is attached hereto as Exhibit A.

2. That on July 9, 2008, C.H. ROBINSON was served with Summons and Complaint and, thus, the time within which C.H. ROBINSON is required by 28 U.S.C., §1446(b) to file this Notice of Removal has not yet expired.

3. Plaintiffs allege in paragraph 1 of their Complaint that:

> "At all times relevant hereto, Robert Osborne was an individual residing in Winnebago County, Illinois (hereinafter "Osborne") and Marina Bay Transportation, LLC (hereinafter (Marina Bay") was a limited liability company organized under the laws of the State of Illinois with its principal place of business located in Winnebago County, Illinois. Robert Osborne is the sole member of Marina Bay."

4. As evidenced by the attached Declaration of Ben G. Campbell, Assistant General Counsel for C.H. ROBINSON, C.H. ROBINSON COMPANY is a Minnesota corporation with its principal place of business being located in Eden Prairie, Minnesota. See declaration of Ben G. Campbell, attached hereto as Exhibit B. As such, C.H. ROBINSON COMPANY is a citizen of Minnesota for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

5. Plaintiff ROBERT OSBORNE, by the allegations of paragraph 1 of the Complaint, and on information and belief, is a citizen of the State of Illinois.

6. Plaintiff MARINA BAY TRANSPORTATION, LLC, by the allegations of paragraph 1 of the Complaint, is an Illinois limited liability company with a sole member, ROBERT OSBORNE, who is on information and belief a citizen of the State of Illinois. Under applicable law, the citizenship of the members of an LLC is the relevant citizenship for purposes of diversity jurisdiction. *Hicklin, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

7. That in plaintiffs' prayer for relief in both Counts I and II, damages in the amount of $1,700,000.00 are being sought.

8. Accordingly, pursuant to 28 U.S.C., §1332(a), there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. C.H. ROBINSON respectfully submits that all the elements of removal jurisdiction based on diversity jurisdiction have been met by this Notice of Removal.

10. This Notice of Removal is accompanied by a Civil Cover Sheet and a payment in the amount of $350.00 as the requisite filing fee.

C.H. ROBINSON COMPANY,<br>
a Minnesota corporation, Defendant<br>
By WILLIAMSMCCARTHY LLP<br><br>
By: _____<br>
John J. Holevas

| | |
|---|---|
| STATE OF ILLINOIS | ) |
|  | ) SS. |
| COUNTY OF WINNEBAGO | ) |

John J. Holevas, being first duly sworn, states that he is an Attorney at Law duly licensed to practice in the State of Illinois, and admitted to practice before the United States District Court for the Northern District of Illinois, Western Division; that he is a Partner with the firm of WILLIAMSMCCARTHY LLP, attorneys for defendant; that he is one of the attorneys charged with the defense of the above cause; that he is the duly authorized agent of defendant to file the foregoing Notice of Removal; and that he has knowledge of the facts set forth in said Notice of Removal, and that the same are true and correct to the best of his knowledge and belief.

_____<br>
John J. Holevas

Subscribed and sworn to before
me on August 6, 2008.

_____
Notary Public

"OFFICIAL SEAL"
DIANE K. GRIFFEY
Notary Public, State of Illinois
My Commission Expires 06/06/2011

## CERTIFICATE OF LAWYER

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned certifies that on August 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Mail the document to:

> Attorney Thomas G. Ruud
> Thomas G. Ruud & Associates
> 216 North Court Street
> Rockford, IL 61103



/s/ John J. Holevas

John J. Holevas, Esq.
Marc C. Gravino, Esq.
WILLIAMSMCCARTHY LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815-987-8900

Notice.Removal.wpd(dg)　　　　　4

Case 3:08-cv-50165   Document 1-2   Filed 08/06/2008   Page 1 of 8



# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

CC-45

**RECEIVED** JUL 1 0 2008

ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company,

vs.

C. H. ROBINSON COMPANY, a Minnesota corporation,

08 C 50 1 65

No. 08 L 242

**FILED**
AUG 0 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## SUMMONS

To each defendant: C. H. Robinson Company, c/o Gene Schiesser, its Registered Agent, 25 Northwest Point, Suite 200, Elk Grove Village, IL 60007

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, **Winnebago County Courthouse** building, room _____, **400 W. State Street, Rockford**, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

(Seal of Court)

WITNESS June 27, 2008 (Year)

_____ (Clerk of the Circuit Court)
By: _____ (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name: Thomas G. Ruud #590
Attorney for: Plaintiff
Address: 216 N. Court St.
City: Rockford, IL 61103
Telephone: (815) 961-9100

**EXHIBIT A**

Date: 6-27-08

COPY

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

ROBERT OSBORNE and MARINA BAY ) 
TRANSPORTATION, L.L.C., an Illinois limited ) 
liability company, ) CASE NO. 08L242
 )
 Plaintiffs, )
 )
 vs. )
 )
C.H. ROBINSON COMPANY, a Minnesota )
corporation, )
 )
 Defendant. )

## COUNT I
## BREACH OF CONTRACT

NOW COME the Plaintiffs, ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., and for Count I of their Complaint against the Defendant, C. H. ROBINSON COMPANY, state as follows, to-wit:

1. At all times relevant hereto, Robert Osborne was an individual residing in Winnebago County, Illinois (hereinafter "Osborne") and Marina Bay Transportation, LLC (hereinafter "Marina Bay") was a limited liability company organized under the laws of the State of Illinois with its principal place of business located in Winnebago County, Illinois. Robert Osborne is the sole member of Marina Bay.

2. At all times relevant hereto, C.H. Robinson Company (hereinafter "CHR") was a corporation doing business in the County of Winnebago, and State of Illinois.

3. At all times relevant hereto, Richard Pena, was operations manager for the CHR Rockford, Illinois Branch, and Richard Pena was employed in Winnebago County, Illinois (hereinafter "Pena"). Pena possessed actual and apparent authority to bind CHR on the agreements between Osborne, Marina Bay, and CHR.

4. At all times relevant hereto, CHR was in the business of brokering freight and shipping service across the United States. CHR had certain contracts with shippers and allocated business to trucking companies to meet the shipping needs of its customers.

5. In December, 2006, Pena advised that CHR had certain business locked down with three customers in Rochelle, Dixon and Elk Grove, Illinois (hereinafter "Locked Down Business"). Pena offered that if Osborne secured certain semi-tractor trucks and trailers and made available warehousing space in Rockford, Illinois, CHR would direct the Locked Down Business to Osborne through his company, Marina Bay, that this Locked Down Business would generate over one million dollars of gross revenue to Osborne's company, Marina Bay.

6. On January 2, 2007, Pena confirmed the arrangement in writing of CHR's offer to Osborne and Marina Bay. A copy of such confirmatory writing is attached hereto as Exhibit A.

7. This written confirmation stated "I can assure anyone that once Marina Bay has their equipment up and running, we will be giving them this business."

8. Osborne and Marina Bay obtained the needed equipment and warehouse. Marina Bay purchased and leased additional tractors, trailers, and a fork lift; and rented and readied a warehouse including needed office equipment and additional employees needed to handle the CHR Locked Down Business. The warehouse facilities and equipment were inspected by Pena on behalf of CHR, and on or about February 1, 2007, CHR began directing the Locked Down Business to Marina Bay.

9. Marina Bay was well regarded by CHR's customers, and Marina Bay quickly was considered a "preferred" CHR carrier.

10. Marina Bay complied with all its obligations to receive CHR business and in fact began receiving such business; however, the business was never at the agreed level of one million dollars from the Locked Down Business for 2007.

11. Instead of directing the Locked Down Business to Marina Bay, CHR directed some of this business to other carriers.

12. In about May of 2007, Marina Bay was securing more financing because the level of business from CHR never reached the required amount. As of this date, only about $30,000.00 in Locked Down Business had been directed to Marina Bay. A private investor, Phil Whitehead, was interested in loaning $50,000.00 to Marina Bay as operating capital. In a telephone conference, Pena advised Mr. Whitehead that enough Locked Down Business would be directed to keep ten trucks busy by mid-summer. Marina Bay was not provided the promised level of Locked Down Business.

13. Without the business as promised, Marina Bay was unable to meet the financial obligations incurred in outfitting itself to handle the promised CHR business. Through September of 2007, only $70,000.00 of Locked Down Business was provided to Marina Bay. Marina Bay was forced to close.

14. If CHR had directed one million dollars in trucking business to Marina Bay for 2007, Marina Bay would have generated this one million dollars plus generated additional business in the amount of $1,330,400.00 in return loads and consolidating partial shipments. Profit after paying all fixed and variable expenses would have been $1,500,000.00.

15. Additionally, Marina Bay has unpaid expenses in the amount of $200,000.00 that would have been paid had the business promised been provided as agreed.

16. Osborne and Marina Bay have suffered damage as a direct and proximate result of CHR's breach of its agreement to provide business as aforesaid in the total amount of $1,700,000.00.

17. Marina Bay and Osborne complied with their obligations under the CHR agreement.

WHEREFORE, Plaintiffs, ROBERT OSBORNE AND MARINA BAY TRANSPORTATION, L.L.C., pray that this Court enter judgment in their favor and against the Defendant, C. H. ROBINSON COMPANY in the amount of $1,700,000.00, plus costs of suit.

## COUNT II
### Promissory Estoppel

NOW COME the Plaintiffs, ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., and for Count II of their Complaint against the Defendant, C. H. ROBINSON COMPANY, state as follows, to-wit:

1. - 17. Paragraphs 1-17 of Count I are restated as Paragraphs 1-17 of Count II.

18. At all times relevant hereto, Marina Bay and Osborne reasonably relied upon the promises of CHR to provide one million dollars in gross net revenue for 2007 to Marina Bay from the Locked Down Business.

19. Marina Bay complied with all requirements to receive such Locked Down Business.

20. CHR breached its promise to provide the business and Osborne and Marina Bay were damaged as aforesaid.

WHEREFORE Plaintiffs, ROBERT OSBORNE AND MARINA BAY TRANSPORTATION, L.L.C., pray that this Court enter judgment in their favor and against the Defendant, C. H. ROBINSON COMPANY in the amount of $1,700,000.00, plus costs of suit.

BY: THOMAS G. RUUD & ASSOCIATES

By: /s/ Thomas G. Ruud
Thomas G. Ruud

Thomas G. Ruud - #590
Thomas G. Ruud & Associates
Attorneys at Law
216 North Court Street
Rockford, IL 61103
(815) 961-9100

STATE OF ILLINOIS

COUNTY OF WINNEBAGO

## VERIFICATION

I, ROBERT OSBORNE, individually and as the sole member of MARINA BAY TRANSPORTATION, L.L.C., Plaintiffs, being first duly sworn upon oath, depose and state that I have read the foregoing Complaint and, to the best of my knowledge and belief, the statements contained therein are true, correct and complete.

By _____
Robert Osborne individually and as sole member of Marina Bay Transportation, L.L.C.

Subscribed and sworn to before me this ___ day of June, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
KAREN S. ALBERTS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/25/2010

T:\KarenA\Litigation\Marina Bay Transport\complaint(ksa)

6

C. H. Robinson Company



7322 Argus Drive
Rockford, IL 61107
815.397.9433 tel
815.397.9483 fax

Date: January 2, 2006

To Whom It May Concern:

    I'm writing this letter to inform your bank that CHR Rockford has an agreement with Marina Bay Transportation with '07 business. We currently locked down some customers in the Rochelle, Dixon and Elk Grove Village, IL area's that will generate over $1 million dollars in gross net revenue. Most of the freight will be Local, LTL and Truckload. I can assure anyone that once Marina Bay has their equipment up and running, we will be giving them this business. We are looking forward in '07 with the growth and partnership with Marina Bay, and if there are any questions or concerns. Please feel free to call me at 815.540.5325.

Sincerely,

Richard Pena
Operations Manager


PLAINTIFF'S EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**F I L E D**
AUG 0 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company, | ) ) ) | |
| | ) | NO. |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DECLARATION OF BEN G. CAMPBELL** |
| C.H. ROBINSON COMPANY, a Minnesota corporation, | ) ) ) | |
| Defendant. | ) ) | 08 C 50 1 65 |

STATE OF MINNESOTA       )
                                              ) SS.
COUNTY OF HENNEPIN   )

BEN G. CAMPBELL, being first duly sworn under oath, deposes and states as follows:

1. I am an adult citizen of the State of Minnesota, and fully competent to testify to the facts set forth below.

2. That I am an attorney licensed to practice law in the State of Minnesota and presently serve as Assistant General Counsel for C.H. Robinson Worldwide, Inc.

3. That I have read the Complaint in the matter of *"Robert Osborne and Marina Bay Transportation, L.L.C., an Illinois limited liability company, vs. C.H. Robinson Company, a Minnesota corporation"*, Cause No. 2008 L 242, presently pending in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois.

4. That C.H. Robinson Company is a Minnesota corporation with its principal place of business located in Eden Prairie, Minnesota.

5. Further affiant sayeth naught.

_____
Ben G. Campbell

Before me this date came Ben G. Campbell who acknowledged that he signed the foregoing Declaration based upon his own personal knowledge and the facts contained therein are true and correct.

Dated this 29 day of July, 2008.



_____
Notary Public

Prepared by:
John J. Holevas, Esq.
Marc C. Gravino, Esq.
WILLIAMSMCCARTHY LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815-987-8900

Attorneys for C.H. Robinson Company

Campbell.Declaration.wpd

-2-